1  Tharan Gregory Lanier (CA Bar No. 138784)
2  tglanier@jonesday.com
   JONES DAY
3  1755 Embarcadero Road
4  Palo Alto, CA 94303
   Phone: (650) 739-3939
5  Fax:   (650) 739-3900

6
   Randall E. Kay (CA Bar No. 149369)
7  rekay@jonesday.com
8  John D. Kinton (CA Bar No. 203250)
   jkinton@jonesday.com
9  Jaime D. Choi (CA Bar No. 276662)
10 jdchoi@jonesday.com
   JONES DAY
11 12265 El Camino Real, Suite 200
12 San Diego, CA 92130
   Phone: (858) 314-1200
13 Fax:   (858) 314-1150

14 Attorneys for Plaintiff
15 KYOCERA COMMUNICATIONS, INC.

16              UNITED STATES DISTRICT COURT
17              SOUTHERN DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19  KYOCERA COMMUNICATIONS, INC., | Case No. **'13CV0766 WQHBGS** |
| 20 | |
|     Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| 21 | |
| 22    v. | |
| 23  POTTER VOICE TECHNOLOGIES, LLC, | |
| 24    Defendant. | |

Plaintiff Kyocera Communications, Inc. ("KCI") asserts this Complaint against Defendant Potter Voice Technologies, LLC ("PVT") and alleges as follows:

## THE PARTIES

1. KCI is a corporation incorporated under the laws of Delaware with its principal place of business at 9520 Towne Centre Drive, San Diego, California 92121.

2. KCI produces innovative, high quality mobile handsets and other wireless products. KCI is the sales, marketing and service headquarters for Kyocera-branded and Sanyo-branded wireless products and accessories in the Americas. KCI was formed in April 2009 through the combination of Kyocera Communications, Inc. (created by the purchase of Qualcomm Incorporated's consumer wireless phone business in 2000) and Kyocera Sanyo Telecommunications Inc. (formed by the purchase of the wireless phone business of Sanyo Electric Co., Ltd in 2008), two wholly owned subsidiaries of Kyocera International Inc. KCI is based in this judicial district in San Diego, California.

3. KCI alleges on information and belief that PVT is a limited liability corporation organized and existing under the laws of the State of Colorado with its principal place of business in Colorado.

4. KCI alleges on information and belief that PVT is an entity that claims to be owner by assignment of all right, title and interest in U.S. Patent No. 5,729,659 (the "'659 patent") entitled "Method and Apparatus for Controlling a Digital Computer Using Oral Input" which issued on March 17, 1998. A true and correct copy of the '659 patent is attached to this Complaint as Exhibit A.

5. PVT has asserted the '659 patent against numerous entities including KCI's parent corporation Kyocera International, Inc.

6. PVT has threatened KCI with infringement of the '659 patent.

7. KCI brings its claim for declaratory relief to free its customers, its products, and itself from unwarranted allegations of infringement.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. An immediate and substantial controversy exists between KCI and PVT with respect to noninfringement and invalidity of the '659 patent. This Court has federal question jurisdiction because this is a civil action arising under the Patent Act. An actual and justiciable controversy between KCI and PVT exists as to the '659 patent based on PVT's threats that KCI infringes the '659 patent.

9. On November 5, 2012, PVT filed a Fourth Amended Complaint in District of Colorado Case No. 1:12-cv-01096-REB-CBS, naming Kyocera International, Inc. as a defendant and accusing Kyocera International, Inc. of infringing the '659 patent based upon it allegedly making, using, importing, offering to sell and/or selling the Kyocera Echo and all reasonably similar products. While Kyocera International, Inc. does not make, use, import, offer to sell or sell the Kyocera Echo, KCI has sold the Kyocera Echo. In support of PVT's claim of infringement of the '659 patent against Kyocera International, Inc., PVT cited to a February 7, 2011 press release by KCI that identified KCI as supplier of the Echo smartphone. In the Fourth Amended Complaint, PVT alleged that it had the right to assert all causes of action arising under the '659 patent and the right to any remedies for infringement of it, and it sued more than a dozen companies for allegedly infringing the '659 patent.

10. This Court has personal jurisdiction over PVT under Federal Rule of Civil Procedure 4(k)(1)(A). Upon information and belief, PVT has directed business activities to this District and to residents of this District including KCI. PVT has sought and seeks to monetize the '659 patent in this District and from residents of this District including KCI and Kyocera International, Inc. – both of whom maintain their principal place of business in San Diego, California. For example, through its California counsel, PVT sent correspondence dated

December 17, 2012 into this District identifying KCI as allegedly infringing the '659 patent by distribution and sale of the Echo smartphone. Absent a declaration of noninfringement and/or invalidity, PVT will wrongfully assert the '659 patent against KCI and will thereby cause KCI irreparable injury and damage.

11. Based on the foregoing, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

12. PVT has accused KCI of infringing the '659 patent by selling digital computers using Google Voice Search and/or Google Voice Actions which allegedly embody the inventions claimed in the '659 patent including, but not limited to, what it describes as the Kyocera Echo and all reasonably similar products.

13. KCI contends that it had, and has, the right to engage in the accused activity without license.

14. Based on all the facts and circumstances of PVT's assertion of claims, its filing of a lawsuit against Kyocera International, Inc., and written communications between PVT's California counsel and KCI's counsel, KCI has reason to believe that PVT imminently will file suit against KCI alleging infringement of the '659 patent.

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,729,659)**

15. KCI incorporates by reference paragraphs 1 through 14 of this Complaint.

16. KCI contends that it has not infringed, and does not infringe, any valid and enforceable claim of the '659 patent. KCI has not infringed the claims of the '659 patent, either literally or under the doctrine of equivalents. KCI has not and is not directly or indirectly infringing any valid claim of the '659 patent. KCI

has not and is not inducing or contributing to infringement of any valid claim of the '659 patent.

17.   An actual and justiciable controversy has thus arisen between KCI and PVT concerning the alleged infringement of the '659 patent.

## COUNT II
**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,729,659)**

18.   KCI incorporates by reference paragraphs 1 through 17 of this Complaint.

19.   PVT contends that the claims of the '659 patent are valid.

20.   KCI contends that the claims of the '659 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.   An actual and justiciable controversy has thus arisen between KCI and PVT concerning the validity of the claims of the '659 patent.

## PRAYER FOR RELIEF

WHEREFORE, KCI respectfully requests that the Court enter judgment for KCI, and award it the following relief:

A.   Declare that KCI has not infringed, and does not infringe, any valid and enforceable claim of the '659 patent;

B.   Declare that the claims of the '659 patent are invalid; and

C.   Grant KCI such other and further relief as the Court deems appropriate and just under the circumstances.

Dated:  March 29, 2013

Respectfully submitted,

*/s/ Randall E. Kay*
Tharan Gregory Lanier
tglanier@jonesday.com
Randall E. Kay
rekay@jonesday.com
John D. Kinton
jkinton@jonesday.com
Jaime D. Choi
jdchoi@jonesday.com
JONES DAY

Attorneys for Plaintiff
KYOCERA COMMUNICATIONS, INC.