# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYOCERA COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> POTTER VOICE TECHNOLOGIES, LLC, <br><br> Defendant. | CASE NO. 13-CV-0766-H (BGS) <br><br> **ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

On April 29, 2013, Defendant Potter Voice Technologies, LLC ("Defendant" or "Potter") filed a motion to dismiss the complaint for lack of personal jurisdiction. (Doc. No. 10.) On May 24, 2013, Plaintiff Kyocera Communications, Inc. ("Plaintiff" or "KCI") filed its opposition to the motion. (Doc. No. 11.) On June 3, 2013, Defendant filed a reply in support of the motion. (Doc. No. 13.)

Pursuant to its discretion under Civil Local Rule 7.1(d)(1), the Court concludes this matter is appropriate for resolution without oral argument and vacates the hearing set for June 10, 2013. For the following reasons, the Court denies Defendant's motion to dismiss the case for lack of personal jurisdiction.

///

///

## Background

This is an action for declaratory judgment. Plaintiff KCI is a corporation incorporated under the laws of Delaware with its principal place of business in San Diego, California. (Doc. No. 1 ("Complaint") ¶ 1.) KCI is the sales, marketing and service headquarters for Kyocera-branded and Sanyo-branded wireless products and accessories in the Americas, and is a wholly-owned subsidiary of Kyocera International, Inc. ("Kyocera International"). (Id. ¶ 2.) Among other products, KCI has sold the Kyocera Echo smartphone. (Id. ¶ 9.)

Defendant Potter is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business in Colorado. (Id. ¶ 3.) Defendant Potter is the owner of U.S. Patent No. 7,729,659 ("the '659 Patent"). (Complaint ¶ 4.) On November 5, 2012, Potter filed a Fourth Amended Complaint in a case in the District of Colorado, Potter Voice Technologies LLC v. Google Inc., et al., Case No. 1:12-CV-01096-REB-CBS (the "Colorado action"). (Id. ¶ 9.) In the Colorado action, Potter alleges infringement of the '659 Patent against several defendants, including Plaintiff's parent company, Kyocera International. (Id. ¶¶ 5-6, 8-10.) Potter specifically accuses Kyocera International of infringing the Kyocera Echo smartphone, a product sold by KCI. (Id. ¶ 9.)

On March 29, 2013, Plaintiff filed the present action for declaratory judgment of non-infringement and invalidity of the '659 Patent. (See generally id.) Plaintiff's declaratory judgment suit is based on the Colorado action and Plaintiff's allegation that Defendant has asserted infringement against KCI, allegedly creating an actual and justiciable controversy between the parties. (Id. ¶¶ 5-6, 8-10, 17, 21.) On April 29, 2013, Defendant filed this motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Doc. No. 10.)

///
///
///

## Discussion

## I. Lack of Personal Jurisdiction

### A. Legal Standards on Motion to Dismiss for Lack of Personal Jurisdiction

A defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In a patent case, the law of the Federal Circuit applies to the determination whether the district court can properly exercise personal jurisdiction over an out-of-state accused defendant. Nuance Commc'ns., Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010). Federal Circuit law applies equally in declaratory judgment actions where the patentee is the defendant. Elecs. for Imaging, Inc., v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). "Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal law are the same." Nuance, 626 F.3d at 1230.

Under federal law, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). There are two types of personal jurisdiction a court may have over a defendant: general and specific. See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1330 (Fed. Cir. 2008). General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state," and that such activity "confers personal jurisdiction even when the cause of action has no relationship with those contacts." Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1200 (Fed. Cir. 2003) (citing

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 414-16 (1984)).

"To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Avocent, 552 F.3d at 1330 (internal quotation marks and citations omitted). Specifically, the Federal Circuit employs a three-prong test, in which the court must determine whether:

> (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. With respect to the last prong, the burden of proof is on the defendant, which must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in Burger King.

Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1363 (Fed. Cir. 2006) (citation omitted). The five Burger King factors include: (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies. Avocent, 552 F.3d at 1331 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-77 (1985)). In the ordinary patent infringement suit where the plaintiff accuses the defendant of selling infringing products or services, the specific jurisdiction "inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." Id. at 1332.

"To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a prima facie showing of jurisdiction." Nuance, 626 F.3d at 1231 (citing Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1282 (Fed. Cir. 2005). "In evaluating this showing, the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." Trintec, 395 F.3d at 1282-83 (citing Silent Drive, 326 F.3d at 1201). A plaintiff may make a prima facie

showing of either general or specific personal jurisdiction over a defendant. Avocent, 552 F.3d at 1330.

### B. Specific Jurisdiction Over Defendant

Defendant argues that this Court lacks personal jurisdiction to entertain this suit. Defendant claims that it has no place of business in California, neither produces nor sells products in California, and has no license to do business in California. (Doc. No. 10-9, Decl. of T. Salmon ¶¶ 2-6.) Defendant asserts that it has not otherwise engaged in business activities directed at California sufficient to subject it to jurisdiction generally or for the purposes of this suit.

Plaintiff asserts this Court has jurisdiction over Defendant based on Defendant's enforcement actions regarding the '659 Patent. Specifically, Plaintiff points to the following actions by Defendant: (1) Defendant retained counsel from Palo Alto, California to prosecute its infringement lawsuit; (2) Defendant presented its case in court through a technical expert based in Redwood City, California; (3) Defendant sued five California-based companies, including two in San Diego (LG Electronics and Kyocera International); (4) Defendant served process in California on the five California defendants in the Colorado action, including several defendants in San Diego; (5) Defendant continued pursuit of its case against Apple, Inc. in the Northern District of California upon the Colorado court's transfer of the case; and (6) Defendant has engaged in licensing negotiations and sought to monetize its '659 Patent in the Southern District of California from California residents. (Doc. No. 11 at 1-6; Doc. No. 11-1, Decl. of R. Kay Ex. 1.)

Under Federal Circuit law, a non-resident patentee may be subject to specific jurisdiction in a declaratory judgment action where the patentee has engaged in enforcement or defense efforts related to the patent-at-issue that were purposefully directed at the forum. Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1019-20 (Fed. Cir. 2009) (citing Avocent, 552 F.3d at 1335-36, 1360). While Defendant correctly asserts that a single letter informing a resident of the forum state

1  that the resident may be infringing the patent is insufficient for personal jurisdiction
2  over the patent-holder, additional enforcement activities directed at the forum state may
3  tip the scales in favor of exercising personal jurisdiction. Avocent, 552 F.3d at 1333
4  (citing Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359-
5  61 (Fed. Cir. 1998)). In a declaratory judgment action against a non-resident
6  defendant, "[t]he relevant inquiry for specific personal jurisdiction purposes . . . [is] to
7  what extent has the defendant patentee 'purposefully directed such enforcement
8  activities at residents of the forum,' and the extent to which the declaratory judgment
9  claim 'arises out of or relates to those activities.'" Id. at 1332-33 (quoting
10 Breckenridge, 444 F.3d at 1363).

11     In this case, based on Plaintiff's allegations, Defendant has undertaken
12 substantial enforcement activities against California residents, including residents of
13 San Diego, that deal with the '659 Patent. Defendant is currently suing several
14 California defendants for infringement of the '659 Patent, has retained counsel in
15 California for that lawsuit, and has engaged in licensing negotiations and other
16 activities related to the litigation in California. Moreover, Defendant is purposefully
17 availing itself of the California courts in continuing to pursue suit against Apple in
18 California for infringement of the '659 Patent. See Viam Corp. v. Iowa Export-Import
19 Trading Co., 84 F.3d 424, 430 (Fed. Cir. 1996); accord Avocent, 552 F.3d at 1338-39
20 (noting lawsuit in same forum on same patent against different party is "a significant
21 contact with the forum materially related to the enforcement of the relevant patent").
22 Because these are activities directed at residents of California, relate to the enforcement
23 or the defense of the validity of the patent at issue, and Plaintiff's declaratory judgment
24 arises out of or relates to these activities, Plaintiff has made a prima facie showing that
25 this Court may exercise personal jurisdiction over Defendant in this action. See
26 Avocent, 552 F.3d at 1334-35; Elecs. for Imaging, 340 F.3d at 1350-51; see also
27 Asustek Computer, Inc. v. AFTG-TG LLC, 2011 WL 6845791, at *8 (N.D. Cal. Dec.
28 29, 2011) (holding court had personal jurisdiction and noting suit against California

company outside of California was relevant enforcement activity for personal jurisdiction analysis) (citing <u>Akro Corp. v. Luker</u>, 45 F.3d 1541, 1547 (Fed. Cir. 1995)).

Defendant additionally argues that, even if it has minimum contacts with California sufficient to satisfy due process, assertion of jurisdiction in this case would not comport with principles of fair play and substantial justice. "Once the plaintiff has shown that there are sufficient minimum contacts to satisfy due process, it becomes defendants' burden to present a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" <u>Elecs. for Imaging</u>, 340 F.3d at 1351-52 (quoting <u>Burger King</u>, 471 U.S. at 477). The Federal Circuit instructs courts to apply the Supreme Court's five-factor test from <u>Burger King</u> in analyzing whether exercising jurisdiction is "reasonable and fair." <u>Avocent</u>, 552 F.3d at 1331.

Defendant primarily argues that the pending Colorado action regarding the '659 Patent will address many of the same issues as this action, such that permitting this action to go forward will be a waste of judicial resources. The Court disagrees. It is unclear at this time whether KCI, the Plaintiff in this action, will be added as a party to the Colorado action, or whether Plaintiff's parent company, Kyocera International, will remain a party to that action. (<u>See</u> Doc. No. 11 at 9-10; Doc. No. 11-1, Decl. of R. Kay ¶ 5 (noting Kyocera International has filed a motion for summary judgment of non-infringement in the Colorado action based on being a holding company.)) Further, Defendant has made no showing that any of the other <u>Burger King</u> factors support dismissal. Defendant fails to show that the forum in Colorado has any greater interest in litigating this case than California, that litigating in California will pose a substantial burden on Defendant, or that the majority of the witnesses or evidence in this matter are located in Colorado rather than California. The Court concludes that it may exercise specific personal jurisdiction over Defendant and denies Defendant's motion

to dismiss on that basis.[1]

## II.  First-to-File

Defendant additionally argues that this action should be dismissed because an action involving the same or similar parties and a similar legal dispute is already pending in the District of Colorado. The "first-to-file" rule "generally favors pursuing only the first filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1299 (Fed. Cir. 2012). "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied—'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" Merial Ltd., 681 F.3d at 1299 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84 (1952)). Courts consider three threshold factors when deciding whether to apply the first-to-file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991). Additionally, in exercising its discretion to proceed in a later-filed action, a district court may consider "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." Genentech v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993), overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995).

Here, this declaratory judgment action represents the first case actually involving KCI, as opposed to Kyocera International, a separate corporate entity. KCI has not yet been added as a party to the Colorado action. It is unclear whether KCI will be added as a party to the Colorado action, or even whether KCI's parent company will continue to be involved in the Colorado action, raising doubts as to whether the issues presented

---

[1] Because the Court concludes that it has specific jurisdiction over Defendant, the Court does not address whether it also has general jurisdiction.

before this Court will be resolved in the Colorado action. The Court therefore denies Defendant's motion to dismiss under the first-to-file rule. See Merial Ltd., 681 F.3d at 1299 (noting district courts have broad discretion in applying first-to-file rule).

### Conclusion

After considering the papers, the Court denies Defendant's motion to dismiss without prejudice.[2]

**IT IS SO ORDERED**.

DATED: June 5, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] If KCI is added to the Colorado action, and Kyocera International remains a party to the Colorado action, Defendant may renew its request to dismiss or transfer.