UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYOCERA COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> POTTER VOICE TECHNOLOGIES, LLC, <br><br> Defendant. | CASE NO. 13-CV-0766-H (BGS) <br><br> **ORDER GRANTING MOTION TO DISMISS** |

On June 19, 2013, Defendant Potter Voice Technologies, LLC ("Defendant" or "Potter") filed a motion to dismiss the complaint for lack of subject matter jurisdiction. (Doc. No. 16.) On July 15, 2013, Plaintiff Kyocera Communications, Inc. ("Plaintiff" or "KCI") filed its opposition to the motion. (Doc. No. 18.) On July 22, 2013, Defendant filed a reply in support of the motion. (Doc. No. 19.)

Pursuant to its discretion under Civil Local Rule 7.1(d)(1), the Court concludes this matter is appropriate for resolution without oral argument and vacates the hearing set for July 29, 2013. For the following reasons, the Court grants Defendant's motion to dismiss the case.

///

///

**Background**

This is an action for declaratory judgment. Plaintiff KCI is a corporation incorporated under the laws of Delaware with its principal place of business in San Diego, California. (Doc. No. 1 ("Complaint") ¶ 1.) KCI is the sales, marketing and service headquarters for Kyocera-branded and Sanyo-branded wireless products and accessories in the Americas, and is a wholly-owned subsidiary of Kyocera International, Inc. ("Kyocera International"). (Id. ¶ 2.) Among other products, KCI has sold the Kyocera Echo smartphone. (Id. ¶ 9.)

Defendant Potter is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business in Colorado. (Id. ¶ 3.) Defendant Potter is the owner of U.S. Patent No. 7,729,659 ("the '659 Patent"). (Complaint ¶ 4.) On November 5, 2012, Potter filed a Fourth Amended Complaint in a case in the District of Colorado, Potter Voice Technologies LLC v. Google Inc., et al., Case No. 1:12-CV-01096-REB-CBS (the "Colorado action"). (Id. ¶ 9.) In the Colorado action, Potter alleged infringement of the '659 Patent against several defendants, including Plaintiff's parent company, Kyocera International. (Id. ¶¶ 5-6, 8-10.) Potter specifically accused Kyocera International of infringing the Kyocera Echo smartphone, a product sold by KCI. (Id. ¶ 9.) On December 17, 2012, Defendant sent a letter to Kyocera International contending that the Kyocera Echo smartphone infringes the '659 Patent. (Doc. No. 16-4.) Defendant further maintained that Kyocera International was the correct entity to sue on the product, but also expressed interest in substituting KCI as defendant if KCI was the proper defendant. (Id.) On May 6, 2013, Potter filed a motion in the Colorado action for leave to add KCI as a party. (Doc. No. 18-1, Decl. of J. Kinton ¶ 9.)

On March 29, 2013, Plaintiff filed the present action for declaratory judgment of non-infringement and invalidity of the '659 Patent. (See generally Complaint.) On April 29, 2013, Defendant filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Doc. No. 10.) On June 5, 2013, the Court concluded it had

personal jurisdiction and denied Defendant's motion to dismiss without prejudice to refiling if KCI was later added as a party to the Colorado action. (Doc. No. 14.) On June 19, 2013, Defendant filed this motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 16.) On June 25, 2013, the Colorado court granted Potter's motion and permitted Potter leave to add KCI as a defendant to the Colorado action. (Doc. Nos. 19-2, 19-3.)

## Discussion

Plaintiff brings suit pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act provides that in the case of an "actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal Circuit law governs the determination of subject matter jurisdiction in a patent declaratory judgment action. MedImmune, Inc. v. Centocor, Inc., 409 F.3d 1376, 1378 (Fed. Cir. 2005), overruled on other grounds, MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007). An actual controversy sufficient to establish subject matter jurisdiction in a declaratory judgment action exists where "the facts alleged show a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127. The declaratory judgment plaintiff bears the burden of proving that there is an actual controversy. Fina Research, S.A. v. Baroid Ltd., 141 F.3d 1479, 1481 (Fed. Cir. 1998). Finally, even if an actual controversy exists, the exercise of jurisdiction rests within the sound discretion of the district court. Id.

Exercising the Court's discretion, the Court declines to entertain this action now that all parties are in the Colorado action. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." 3M, 673 F.3d at 1376; see also MedImmune, 549 U.S. at 136 (stating Declaratory

1  Judgment Act vests district courts with "unique and substantial discretion in deciding
2  whether to declare the rights of litigants"). In deciding whether to entertain a
3  declaratory judgment request, a court must determine whether resolving the case serves
4  the objectives of the Declaratory Judgment Act. Cat Tech. 528 F.3d at 883. Congress
5  intended the Declaratory Judgment Act "to prevent avoidable damages from being
6  incurred by a person uncertain of his rights and threatened with damage by delayed
7  adjudication." Id. at 878–879. The purpose of the Declaratory Judgment Act in patent
8  cases is to provide the allegedly infringing party relief from uncertainty and delay
9  regarding its legal rights. Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 902
10 (Fed. Cir. 2008).

11         A declaratory judgment is unnecessary to protect Plaintiff's rights or provide
12 Plaintiff relief from uncertainty. On June 25, 2013, the Colorado court determined that
13 KCI is a proper defendant to the Colorado action and granted Potter leave to add KCI
14 as a party. (Doc. No. 19-2.) The Colorado action covers Defendant's patent and
15 Plaintiff's smartphone products that are the subject of this action. The Colorado action
16 will therefore resolve all of the issues Plaintiff seeks to resolve in filing this declaratory
17 action. There is no need to pursue duplicate litigation in this Court where another case
18 regarding the same legal and factual issues has already been underway for some time,
19 and includes other related parties not included in this action. As explained by the
20 Colorado court, "it would be . . . the height of inefficiency to have the San Diego case
21 as to two parties proceed when this [Colorado] case covers much of the same ground."
22 (Doc. No. 19-3 at 45:16-19.) Accordingly, the Court declines to exercise jurisdiction.
23 See 3M, 673 F.3d at 1376.
24 ///
25 ///
26 ///
27 ///
28 ///

## Conclusion

After considering the papers, the Court grants Defendant's motion to dismiss the complaint.

**IT IS SO ORDERED**.

DATED: July 24, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT